UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO.  1:14-cr-278 |
| | ) | |
| PLAINTIFFS, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | |
| | ) | |
| LARUN MILLER, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Defendant Larun Miller moves, pursuant to Rule 14(a) of the Federal Rules of Criminal Procedure, to sever offenses. (Doc. No. 41 ["Mot."].) The government opposes the motion. (Doc. No. 43 ["Opp'n"].) For the reasons that follow, defendant's motion is denied.

I. **BACKGROUND**

On August 12, 2015, a four count superseding indictment was returned against defendant. (Doc. No. 35-2.) Count One charged defendant with enticement, in violation of 18 U.S.C. § 2422(b). By Count Two, defendant was charged with attempted sexual exploitation of a child, in violation of 18 U.S.C. § 2251(a) & (e). Count Three charged defendant with failure to register and update registration as a sex offender, in violation of 18 U.S.C. § 2250(a) & (c), and Count Four charged defendant with commission of a felony offense involving a minor while being required to register as a sex offender, in violation of 18 U.S.C. § 2260A.  A jury trial in this matter is set to begin, on a two-week stand by basis, on December 14, 2015.

On October 12, 2015, defendant filed the present motion, seeking to sever Counts Three and Four and compel a separate trial on these counts. According to defendant, he will be unduly prejudiced if the jury hears evidence at trial on the prior 2005 sex offense that serves as the foundation for his status as an individual who is required to register as a sex offender. He also insist that he "has a viable defense to the failure to register count that could require him to testify, whereas the jury will hear hours of the Defendant's statements relating to counts one and two and his testimony is not necessary for an acquittal." (Mot. at 181.) The government rejects these arguments, and further insists that severance would be a futile exercise as the counts are so factually intertwined that the jury would hear evidence of defendant's alleged illicit sexual activity even if Counts Three and Four are reserved for subsequent proceedings.

## II.  GOVERNING LAW AND DISCUSSION

Joinder of offenses is permitted under Rule 8(a) if the offenses are : (1) of the same or similar character; (2) based on the same act or transaction; or (3) based on acts or transactions that are connected with, or constitute parts of, a common scheme or plan. *United States v. Deitz*, 577 F.3d 672, 692 (6th Cir. 2009); *United States v. Hang Le-Thy Tran*, 433 F.3d 472 (6th Cir. 2006). Rule 8(a) is broadly construed in favor of joinder. *See United States v. Graham*, 275 F.3d 490, 512 (6th Cir. 2001) (favoring broad construction of Rule 8(a) to promote judicial economy to extent consistent with due process requirements).

"Even when joinder is appropriate under Rule 8(a), a district court may, in its discretion, grant the defendant a severance if it appears that the defendant is prejudiced by a joinder of the offenses." *Hang Le-Thy Tran*, 433 F.3d at 478 (citing Fed.

R. Crim. P. 14). The resolution of a request to sever is left to the discretion of the trial court, and will not be disturbed absent a "strong showing of prejudice." *Id*. (citing *United States v. McCoy*, 848 F.2d 743, 744 (6th Cir. 1988) and *United States v. Gallo*, 763 F.2d 1504, 1525 (6th Cir. 1985)).

"[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right . . . or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539, 113 S. Ct. 933, 122 L. Ed. 2d 317 (1993). The defendant bears the burden of showing sufficient prejudice to warrant a severance, *United States v. Gallo*, 763 F.2d 1504, 1527 (6th Cir. 1985), and this high burden cannot be met through conclusory statements of potential prejudice. *See Hang Le-Thy Tran*, 433 F.3d at 478 ("The defendant's conclusory statement that the joinder of the counts 'affected' the jury's ability to render a fair and impartial verdict does not suffice to show substantial prejudice."); *see also United States v. Saadey*, 393 F.3d 669, 678 (6th Cir. 2005) ("In order to prevail on a motion for severance, a defendant must show compelling, specific, and actual prejudice from a court's refusal to grant the motion to sever.") (citation omitted).

By seeking severance under Rule 14(a), defendant implicitly concedes that joinder of offenses was proper under Rule 8(a). The majority of his motion is devoted to a discussion of the general types of prejudice that may result from trying a defendant for several offenses during the same trial. The only case-specific prejudice defendant identifies is his unsupported belief that he will be prejudiced if the jury hears evidence of his October 28, 2005 conviction for travel with intent to engage in illicit sexual conduct,

3

and his dilemma regarding whether he should take the stand if all charges are presented to the same jury.

With respect to the former concern, the government underscores the fact that the four counts are interdependent, and that the jury will hear evidence of defendant's alleged criminal sexual activity regardless of whether the charges are severed or tried together. The trial court was faced with a similar situation in *United States v. Slaughter*, 708 F.3d 1208 (11th Cir. 2013). There, the defendant was charged with use of the internet to entice a minor to engage in sexual activity, and commission of a felony involving a minor while being required to register as a sex offender. On appeal from a conviction on both counts, the Eleventh Circuit ruled that the trial court did not err in refusing to sever the counts. Even though the jury heard a stipulation that defendant was subject to a registration and reporting requirement by virtue of a prior sex offense—a requirement for the crime of commission of a felony involving a minor while being a registered sex offender—the court found that defendant did not suffer substantial prejudice where the jury had already heard substantial sexually explicit evidence that defendant intended to engage in sexual activity with underage girls. *Id.* at 1213-14. In reaching this conclusion, the court relied, in part, on the fact that the jury received a limiting instruction explaining the purpose of the stipulation involving the prior sex offense. *Id.* at 1213; *see United States v. Hersch*, 297 F.3d 1233, 1241-44 (11th Cir. 2002) (district court did not abuse its discretion in refusing to sever count charging transporting minor with intent to engage in sexual activity from count charging possession of child pornography where limiting instruction was sufficient to minimize potential prejudice).

Consistent with this treatment, courts faced with joinder of sex offenses have refused to sever the counts where the crimes were related and required overlapping proofs, and a limiting instruction could be given to minimize the potential prejudice. *Compare United States v. Fifer*, Case No. 14-300006, 2015 WL 6445035, at *6 (C.D. Ill. Oct. 23, 2015) (denial of Rule 14(a) motion to sever charge of failure to register as a sex offender from charges of sexual exploitation of a minor and possession of child pornography proper); *United States v. Walizer*, No. 2:10-CR-00124-PMP, RJJ, 2010 WL 5477306, at *2 (D. Nev. Dec. 30, 2010) (denial of severance of count charging commission of a felony involving a minor while under a requirement to register from count of coercion and enticement of a minor because same evidence would be admissible to prove both counts and limiting instruction available to cure potential prejudice); with *United States v. Wellman*, Criminal Action No. 1:08-cr-0043, 2009 WL 159301, at *7 (S.D. Va. Jan. 20, 2009) (severance of gun charge from charge of possession of child pornography and other sex crimes appropriate where the gun count was not related to the sex offenses and there was a serious risk that joinder would result in an unfair trial).

In the present case, Count Four, commission of a felony involving a minor while under an obligation to register as a sex offender, requires both proof that defendant committed a felony offense involving a minor and proof that he is a registered sex offender. *See United States v. Jones*, 748 F.3d 64, 72 (1st Cir. 2014). The felony involving a minor is the very offense that is charged in Counts One and Two, and, therefore, the evidence offered in support of those counts will be the same as that used to satisfy one of the elements of Count Four. Evidence offered to support the second element of Count Four—status as a sex offender required to register—will also be offered

5

to establish one of the elements of Count Three. Thus, the various counts are linked by common evidence and burdens of proof.

Moreover, the government's case-in-chief on Counts One and Two is likely to include sexually explicit evidence regarding defendant's alleged attempts to engage in illicit sexual activity with underage girls—the same sexually explicit evidence that will likely be offered in support of Count Four.  Under these circumstances, it is unlikely that evidence as to the existence of a sex prior offense would result in significant prejudice, and any cumulative prejudicial effect of such evidence can be cured with a limiting instruction.[1]

Defendant also suggests that a severance is necessary because he has a defense to Count Three that will require him to take the stand, while his testimony is not necessary for an acquittal on the remaining counts. Though he suggests that his testimony is unnecessary for all counts, he fails to explain how taking the stand in a joint trial would violate his Fifth Amendment right against self-incrimination or otherwise result in compelling, actual prejudice. "When a defendant seeks a severance based on his desire to testify about fewer than all the charges, he must make 'a convincing showing that he has both important testimony to give concerning one count and a strong need to refrain from

---

[1] Defendant fails to even mention, let alone explain, why an instruction advising the jury that they can only consider the 2005 conviction for purposes of determining defendant's status as a registered sex offender would not limit possible prejudice from the admission of such evidence. *See Washington v. Hofbauer*, 228 F.3d 689, 705 (6th Cir. 2000) (There is a presumption "that if properly instructed by judges and guided by counsel, juries are capable of considering evidence for one purpose but not another.") (citation omitted).

testifying on the other.'" *United States v. Day*, No. 1:05-CR-176, 2006 WL 120193, at *2 (W.D. Mich. Jan. 17, 2006) (quoting *United States v. Bowker*, 372 F.3d 365, 385 (6th Cir.), *vacated on other grounds*, --U.S.--, 125 S. Ct. 1420, 161 L. Ed. 2d 181 (2005)); *see Saadey*, 393 F.3d at 679 (defendant failed to demonstrate actual prejudice from fact that he was unable to take the stand in defense of false credit card application charges without damaging his credibility and waiving his right against self-incrimination on the RICO count).

In the present case, defendant has failed to even indicate what testimony he would offer on the failure to register count, and has failed to make any showing as to why he should not testify with respect to the other counts. *See Bowker*, 372 F.3d at 385 (no plain error where defendant did not establish what testimony he would have offered on the stalking and harassment counts, and failed to demonstrate why he needed to avoid testifying on the mail theft count). In fact, defendant merely suggests that his testimony is unnecessary as to the other counts. Defendant's conclusory assertion of prejudice, to the extent that he has even raised prejudice, is insufficient to require severance.

III. **CONCLUSION**

Defendant has failed to demonstrate actual prejudice that will result from the joinder of the charged offenses set forth in the superseding indictment. Accordingly, defendant's motion to sever (Doc. No. 41) is DENIED.

**IT IS SO ORDERED**.

Dated: October 30, 2015

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

7