# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:14CR278 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| LARUN E. MILLER, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter comes before the Court upon the *pro se* motion of defendant Larun Miller to dismiss the superseding indictment. (Doc. No. 55.) In the alternative, defendant seeks the suppression of all evidence against him, based upon his belief that the government has unnecessarily delayed in bringing the present charges.

On July 23, 2014, a complaint was issued charging defendant with one count of failure to register and update registration as required by 18 U.S.C. § 2250. Defendant was arrested and arraigned on July 25, 2014, at which time the case was bound over to the grand jury and defendant was remanded to the custody of the U.S. Marshal. (Doc. No. 3.) At defendant's arraignment, the Federal Public Defender's Office was appointed to represent him, and Darin Thompson, an attorney employed by that office, entered an appearance on defendant's behalf.

On August 20, 2014, an indictment was returned against defendant. In addition to the count of failing to register, the indictment included one count of enticement, in violation of 18 U.S.C. § 2422(b), and one count charging the commission of a felony offense involving a minor while being required to register as a sex offender, under 18 U.S.C. § 2260A. The Court set

the matter for trial to begin on October 27, 2014. (Doc. No. 10.) Through counsel, defendant moved for and received several continuances of the trial date. (Doc. Nos. 11, 12, 14, 15.) On December 23, 2014, the Court set the matter for trial to begin on April 6, 2015.

Attorney Darin Thompson continued to represent defendant, and file motions on defendant's behalf—including a motion to suppress evidence—until March 18, 2015, when, at defendant's request, the Court permitted attorney Darin Thompson to withdraw as counsel and appointed attorney Donald Malarcic to represent defendant.[1] (*See* Minute Order, March 18, 2015.) On April 7, 2015, defendant, through attorney Malarcic, filed another motion to continue the trial. (Doc. No. 32.) On April 9, 2015, the Court granted defendant's motion to continue, and rescheduled the jury trial to commence on August 24, 2015.

The government returned a four count superseding indictment against defendant on August 12, 2015. (Doc. No. 35-2.) The superseding indictment had the effect of adding one count of enticing a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, in violation of 18 U.S.C. § 2251, to the three counts contained in the original indictment. Defendant executed a waiver of his right to a jury trial, and the matter is currently scheduled for a bench trial to begin on January 25, 2016.

Defendant remains represented by attorney Malarcic, and his attorney continues to appear on his behalf, most recently at the January 8, 2016 final pretrial where counsel offered oral argument against the admission of the government's noticed Rule 404(b) "other acts" evidence. Defendant has never indicated his intention or desire to terminate the representation by

---

[1] After conducting an evidentiary hearing on the motion to suppress, the Court granted the motion, in part, on June 4, 2015. (Doc. No. 34 (Opinion and Order); *see* Doc. No. 20 (Motion to Suppress)).

2

attorney Malarcic. Because defendant is still represented by counsel, the Court will not entertain his *pro se* motion.

Although criminal defendants have a Sixth Amendment right to proceed *pro se*, *see Faretta v. California*, 422 U.S. 806, 814-18, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (!975), they have no protected right to "hybrid representation," that is, simultaneously representing oneself while being represented by an attorney. *United States v. Miller*, 561 F. App'x 485, 488 (6th Cir. 2014); *United States v. Green*, 388 F.3d 918, 922-23 (6th Cir. 2004); *United States v. Mosely*, 810 F.2d 93, 97-98 (6th Cir. 1987). "The right to defend pro se and the right to counsel have been aptly described as 'two faces of the same coin,' in that waiver of one constitutes a correlative assertion of the other." *United States v. Conder*, 423 F.2d 904, 908 (6th Cir.), *cert. denied*, 400 U.S. 958 (1970) (internal citation omitted). *See Mosely*, 810 F.2d at 97-98. Further, the decision as to whether to allow "hybrid representation" is left to the discretion of the trial court. *Green*, 388 F.3d at 922 (citing *Mosely*, 810 F.2d at 98).

As such, it is well settled that the district court need not consider *pro se* motions filed by defendants represented by counsel. *Abdullah v. United States*, 240 F.3d 683, 686 (8th Cir. 2001) ("A district court has no obligation to entertain pro se motions filed by a represented party.") (citation omitted); *United States v. Gwiazdinski*, 141 F.3d 784, 787 (7th Cir. 1998) (no affirmative right to file *pro se* briefs when represented by counsel) (citation omitted); *see also McMeans v. Bigano*, 228 F.3d 674, 684 (6th Cir. 2000) (no right to submit a *pro se* brief on appeal when represented by counsel).

And in this particular case there is no reason to stray from this widely accepted rule. Defendant has not attempted to invoke his constitutionally protected right to proceed

without the assistance of counsel, pursuant to *Faretta,* 422 U.S. at 814-18. Moreover, defendant

continues to receive representation from his appointed counsel. The Court finds that allowing

defendant to file *pro se* motions, while simultaneously enjoying representation by counsel, will

result in unnecessary confusion and will not promote the ends of justice. *See Miller*, 561 F.

App'x at 488 (noting that hybrid representation is generally prohibited because it increases the

risk of delay, confusion and conflicts in trial strategy).

For all of the reasons set forth above, Defendant's *pro se* motion (Doc. No. 55) is

**DENIED**.

**IT IS SO ORDERED**.

Dated: January 19, 2016

                                                        

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**