# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 1:14CR278 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| LARUN E. MILLER, | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter comes before the Court upon two *pro se* filings of defendant Larun Miller. The first filing is a letter that requests copies of various filings in this case. (Doc. No. 64.) The second filing advances similar requests and is styled "Motion to Request Access to and Order for Documents." (Doc. No. 65.) The Court construes both filings as motions for the production of documents.

On February 1, 2016, after a three day bench trial, the Court found defendant guilty of one count of attempted coercion and enticement in violation of 18 U.S.C. § 2422(b), one count of attempted inducement or enticement a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of the conduct in violation of 18 U.S.C. § 2251(a) and (e), one count of failure to register as a sex offender in violation of 18 U.S.C. § 2250(a) and (c), and one count of commission of a felony involving a minor while under a registration requirement in violation of 18 U.S.C. § 2250A. (Doc. No. 61 (Findings of Fact and Conclusions of Law).) A sentencing hearing is scheduled for May 5, 2016.

As this Court has observed in a prior ruling, defendant has been represented by counsel throughout these proceedings. Defendant is currently represented by attorney Malarcic, and his attorney continues to appear on his behalf, most recently at the aforementioned bench trial. Defendant has never indicated his intention or desire to terminate the representation by attorney Malarcic. Because defendant is still represented by counsel, the Court will not entertain his *pro se* motions.

Although criminal defendants have a Sixth Amendment right to proceed *pro se*, *see Faretta v. California*, 422 U.S. 806, 814-18, 95 S. Ct. 2525, 45 L. Ed. 2d 562 (!975), they have no protected right to "hybrid representation," that is, simultaneously representing oneself while being represented by an attorney. *United States v. Miller*, 561 F. App'x 485, 488 (6th Cir. 2014); *United States v. Green*, 388 F.3d 918, 922-23 (6th Cir. 2004); *United States v. Mosely*, 810 F.2d 93, 97-98 (6th Cir. 1987). "The right to defend pro se and the right to counsel have been aptly described as 'two faces of the same coin,' in that waiver of one constitutes a correlative assertion of the other." *United States v. Conder*, 423 F.2d 904, 908 (6th Cir.), *cert. denied*, 400 U.S. 958 (1970) (internal citation omitted). *See Mosely*, 810 F.2d at 97-98. Further, the decision as to whether to allow "hybrid representation" is left to the discretion of the trial court. *Green*, 388 F.3d at 922 (citing *Mosely*, 810 F.2d at 98).

As such, it is well settled that the district court need not consider *pro se* motions filed by defendants represented by counsel. *Abdullah v. United States*, 240 F.3d 683, 686 (8th Cir. 2001) ("A district court has no obligation to entertain pro se motions filed by a represented party.") (citation omitted); *United States v. Gwiazdinski*, 141 F.3d 784, 787 (7th Cir. 1998) (no affirmative right to file *pro se* briefs when represented by counsel) (citation omitted); *see also*

*McMeans v. Bigano*, 228 F.3d 674, 684 (6th Cir. 2000) (no right to submit a *pro se* brief on appeal when represented by counsel).

And in this particular case there is no reason to stray from this widely accepted rule. Defendant has not attempted to invoke his constitutionally protected right to proceed without the assistance of counsel, pursuant to *Faretta,* 422 U.S. at 814-18. Moreover, defendant continues to receive representation from his appointed counsel. The Court finds that allowing defendant to file *pro se* motions, while simultaneously enjoying representation by counsel, will result in unnecessary confusion and will not promote the ends of justice. *See Miller*, 561 F. App'x at 488 (noting that hybrid representation is generally prohibited because it increases the risk of delay, confusion and conflicts in trial strategy).

For all of the reasons set forth above, Defendant's *pro se* motions (Doc. Nos. 64, 65) are **DENIED**.

**IT IS SO ORDERED**.

Dated: April 8, 2016

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**