# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| LARUN E. MILLER, | ) | CASE NO. 1:14-cr-278 |
| | ) | |
| PETITIONER, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| RESPONDENT. | ) | |

On August 12, 2019, the Court denied the motion of petitioner Larun E. Miller ("petitioner" or "Miller") to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Doc. No. 113 (Memorandum Opinion); (Doc. No. 114 (Judgment Entry); *see* Doc. No. 97 (Motion to Vacate).) Pursuant to Fed. R. Civ. P. 60(b) and (d), petitioner now seeks relief from the Court's judgment denying his motion to vacate. (Doc. No. 120 (Rule 60 Motion); Doc. No. 122 (Memorandum in Support).) The government opposes the motion. (Doc. No. 123 (Response).) For the reasons that follow, the motion for relief from judgment is denied.

## I.    BACKGROUND

This Court and the Sixth Circuit have written extensively on the factual and procedural background of this case. (*See, e.g*., Doc. Nos. 34, 92, 113.) The Court presumes familiarity with these prior decisions and provides only enough background to place the issue raised in the present motion in context. On June 2, 2014, law enforcement in Ohio learned that Miller, a registered sex offender, was not living at his registered address. On June 3, 2014, a federal warrant issued, charging Miller with supervised release violations in N.D. Ohio Case No. 1:05-cr-300 ("the 2005

Case"). (N.D. Ohio Case No. 1:1-c-300, Doc. No. 30 (Arrest Warrant).) That same day (June 3, 2014), a joint task force comprising members of the United States Marshals Service and state officers, arrested Miller at his workplace and transported him to the Wickliffe Police Department where he was interviewed by a deputy federal marshal and a state police officer. (*See* N.D. Ohio Case No. 1:14-cr-278, Doc. No. 34 (Suppression Ruling) (citing Doc. No. 22 (Interview CD).) During the interview, the officers discussed with Miller evidence regarding his failure to register, as well as evidence that he was conducting an online relationship with an individual he believed to be a fourteen-year-old girl from Colorado named "Jordan." In reality, "Jordan" was an undercover investigator for a state district attorney's office investigating internet crimes against children.

Also on June 3, 2024, Miller, with counsel, made an initial appearance on the charged supervised release violations in the 2005 Case. (N.D. Ohio Case No. 1:05-cr-300, Doc. No. 19 (Minutes of Proceedings).) On June 10, 2014, Miller appeared in the 2005 Case for a bond hearing. (*Id*., Doc. No. 21 (Minutes of Proceedings).) At the hearing on bond, Miller's supervision in the 2005 Case was temporarily revoked. He was detained on the supervised release violation charges, and these charges were held in abeyance "pending the filing and disposition of federal new charges." (*Id*. at 1.[1])

A federal arrest warrant issued in the present case (hereinafter, "the 2014 Case") on July 23, 2014. (N.D. Ohio 1:14-cr-278, Doc. No. 2 (Arrest Warrant).) Miller was arrested on the new federal charges in the 2014 Case on July 23, 2014, and Miller appeared before a federal magistrate

---

[1] All page number references herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

judge for an initial appearance promptly on July 25, 2014. On that same day, Miller waived a preliminary hearing, and the case was bound over to the grand jury. (*See* Doc. No. 3 (Minutes of Proceedings); *see also* Doc. No. 1 (Complaint), 7/23/2014.) A federal indictment issued in the 2014 Case on August, 20, 2014 (*see* Doc. No. 7 (Indictment)), which was superseded on August 19, 2015. (Doc. No. 35-2 (Superseding Indictment).) The superseding indictment charged Miller with knowingly using a facility of interstate and foreign commerce to attempt to persuade a minor to engage in illegal sexual activity with him, attempted coercion and enticement of a minor to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct, knowingly failing to register and update registration as a sex offender, and committing a felony offense involving a minor while being required to register as a sex offender. (*See generally* Doc. No. 35-2.)

Miller was tried on the new federal charges in the 2014 Case by the Court in a three-day bench trial, and, on February 1, 2016, the Court issued its findings of fact and conclusions of law finding Miller guilty on all charges. (Doc. No. 61 (Findings of Fact and Conclusions of Law).) At a sentencing hearing conducted on May 19, 2016, Miller admitted to two supervised release violations (and the Court found Miller guilty of the remaining violations) in the 2005 Case. (*See* N.D. Ohio Case No. 5:05-cr-300, Doc. No. 32 (Order on Violation).) At the conclusion of the sentencing hearing, the Court sentenced petitioner to a custody term of 540 months in the 2014 Case and 36 months for the supervised release violations in the 2005 Case, for an aggregate custody term of 576 months, to be followed by lifetime supervised release with SORNA registration requirements. (N.D. Ohio Case No. 1:14-cr-278, Doc. No. 70 (Judgment); Minutes of Proceedings [non-document], 5/19/2016.) Miller took a direct appeal, which was denied by the

Sixth Circuit. (Doc. No. 92 (Opinion), 6/13/2017.)

Miller subsequently moved to vacate, set aside, or correct his sentence, raising ten grounds for relief. (Doc. No. 97.) Pertinent to the present motion for relief from judgment, Miller argued that his trial counsel was constitutionally ineffective for failing to raise a delay in presentment claim, given that he was arrested on June 3, 2014, and not arraigned on federal charges until July 25, 2014. (Doc. No. 97, at 4.) The Court determined that the pretrial period of delay, under Fed. R. Crim. P. 5(a), was measured from July 25, 2014, the day Miller was arraigned in this case. (Doc. No. 113, at 12–13.) In finding no evidence that the government colluded with state officers to circumvent Rule 5(a)'s requirement that a federal defendant be promptly arraigned, the Court held that:

> Here, the record is clear that state and federal law enforcement were openly working together as part of a joint task force to investigate the crimes that formed the basis for the present federal action, as Miller was initially interviewed by members [of] federal and state law enforcement. But while there was surely a working relationship, Miller has failed to come forward with *any* evidence that this collaborative effort was undertaken to circumvent Rule 5(a).

(*Id*. at 13 (emphasis in the original).) Because any Rule 5(a) motion would have found no support in the record, the Court ruled that trial counsel could not have been ineffective for failing to raise this issue. (*Id*.)

In addition to denying Miller relief under § 2255, the Court declined to issue Miller a certificate of appealability. (*See id*. at 20.) Miller subsequently sought leave from the Sixth Circuit to appeal this Court's ruling on his motion to vacate. In an order dated April 2, 2020, the Sixth Circuit denied Miller a certificate to appeal this Court's § 2255 ruling in the 2014 Case. (Doc. No. 116 (Order).) On October 8, 2020, the Sixth Circuit rejected Miller's request to issue a certificate of appealability in the 2005 Case involving the supervised release violations. (N.D. Ohio No. 5:05-

cr-300, Doc. No. 58.)

On June 27, 2024[2]—almost five years after the Court denied Miller's motion to vacate—Miller filed the present motion for relief from judgment. (*See* Doc. No. 120.) In his motion, he alleges that a fraud was perpetrated upon this Court which affected the integrity of the proceedings surrounding Miller's motion to vacate. (*Id.* at 1–3.) In support, he cites to "new evidence" he believes can be found in the order issued by the Sixth Circuit on October 8, 2020, in the 2005 Case denying him leave to appeal this Court denial of his § 2255 motion. (*See* Doc. No. 122, at 3.) Directing this Court's attention to the short, background paragraph in the Sixth Circuit's Order, Miller highlights the fact that the Order provides, "[O]n June 3, 2014, federal authorities arrested Miller for failing to register as a sex offender, in violation of 18 U.S.C. § 2250(a)." (*Id.* at 3 (quoting N.D. Ohio No. 5:05-cr-300, Doc. No. 58, at 1.).)

Miller appears to argue that this sentence from the Sixth Circuit opinion in the 2005 case is proof both that he was in federal custody as of the date of his arrest on June 3, 2014, and that the government misled the Court into believing that Miller was not in federal custody until his arrest and arraignment on July 25, 2014, in the 2014 Case. (*See* Doc. No. 120, at 5 (arguing that "petitioner was taken into federal custody on June 3, 2014, and has been in continual federal custody for such offense (18 U.S.C. [§] 2250) and in connection with 18 U.S.C. [§] 2422 and 18 U.S.C. [§] 2051").) As a result, he suggests the Court's denial of his motion to vacate "should be

---

[2] The prison mailbox rule, announced in *Houston v. Lack*, 487 U.S. 266, 270–72, 108 S. Ct. 2379, 101 L. Ed. 2d 245 (1988), provides that a federal prisoner's *pro se* motion is ordinarily deemed filed on the date that it was submitted to prison mailing officials. *See Towns v. United States*, 190 F.3d 468, 469 (6th Cir. 1999). While Miller's motion was filed on the docket on July 11, 2024, it was signed by Miller on June 27, 2024. (*See* Doc. No. 120-1 (Affidavit), at 1.) Affording Miller every benefit of the doubt, the Court will assume, for purposes of determining the timeliness of the motion, that Miller submitted his motion for relief from judgment to his institution for mailing on the date he signed it (June 27, 2024).

reviewed for a 'fundamental miscarriage of justice.'" (Doc. No. 122, at 3.) He now seeks relief

from the Court's judgment under Fed. R. Civ. P. 60(b)(3), (4), and (6), as well as under 60(d)(1)

and (3). (*Id*. at 1.)

## II.     RULE 60(b)

### A.  Standard

Rule 60(b) allows the trial court to relieve a party from a final judgment for the following

reasons, among others: "(3) fraud . . . , misrepresentation, or misconduct by an opposing party; (4)

the judgment is void; . . . or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b)(3), (4),

(6). Under Rule 60(b), a party seeking relief from judgment must show the applicability of the

rule. *Jinks v. AlliedSignal, Inc*., 250 F.3d 381, 385 (6th Cir. 2001) (quotation marks and citation

omitted); *see Info-Hold, Inc. v. Sound Merch., Inc*., 538 F.3d 448, 454 (6th Cir. 2008) ("the party

seeking relief under 60(b) bears the burden of establishing the grounds for such relief by clear and

convincing evidence" (citations omitted)).

Certain types of Rule 60(b) motions are really "second or successive application[s] for

habeas relief in disguise[.]" *Moreland v. Robinson*, 813 F.3d 315, 323 (6th Cir. 2016) (citation

omitted). Rule 60(b) motions that seek to add a new claim or attack the substance of the trial court's

resolution on the merits are to be treated as second or successive petitions for which permission

must be sought from the Sixth Circuit before they are pursued. *See Gonzalez v. Crosby*, 545 U.S.

524, 532 & n.5, 125 S. Ct. 2641, 162 L. Ed. 2d 480 (2005). In contrast, a motion, such as the

present motion, that attacks "some defect in the integrity of the federal habeas proceedings" is

properly brought under Rule 60(b). *Id.* Accordingly, the Court finds that the present motion

properly invokes Rule 60(b).

**B. Timeliness**

"A motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). "The Sixth Circuit has specifically held that motions under Rule 60(b)(4) and (6) are only cognizable if brought within a reasonable time." *Greer v. United States*, No. 2:08-cv-2525, 2024 WL 1495788, at *2 (W.D. Tenn. Apr. 5, 2024) (collecting Sixth Circuit cases). Where a significant period of time has passed between the entry of judgment and the request for relief from it, a Rule 60(b) motion will be deemed untimely. *See, e.g., Lewis v. Miniard*, No. 21-1833, 2022 WL 17685021, at *2 (6th Cir. Oct. 7, 2022); *Lewis v. Winn*, No. 20-1094, 2020 WL 4346670, at *2 (6th Cir. June 2, 2020).

Here, almost five years has passed between the Court's August 18, 2019 decision denying Miller's § 2255 motion and the filing of the present Rule 60 motion. Even if the Court measures the time from the Sixth Circuit's October 8, 2020 Order in the 2005 Case, the present motion was filed more than three and one-half years later. Clearly, the present motion was not filed within the one-year time limit permitted for Rule 60(b)(3) and is untimely as it pertains to that subsection. The Court also finds that the present motion was not filed within a reasonable time, as required for motions filed under Rule 60(b)(4) and (6). Miller has provided no justification for waiting more than three and one-half years to file the motion. *See Tyler v. Anderson*, 749 F.3d 499, 510 (6th Cir. 2014) ("A reasonable time depends on the factual circumstances of each case, . . . and a moving party must articulate a reasonable basis for delay." (internal citations omitted)). To the extent he seeks relief under Rule 60(b), the motion is properly denied as untimely. *See, e.g., Martinez v. United States*, No. 17-3989, 2018 WL 1401817, at *3 (6th Cir. Feb. 26, 2018) (Rule 60(b)(4)

motion for relief was untimely where petitioner waited 23 months from the district court's order denying his motion to vacate to seek relief); *Greer*, 2024 WL 1495788, at *2 (collecting cases finding filing delays between 11 months and 5 years rendered Rule 60(b)(4) motions untimely).

### III.    RULE 60(d)

Miller also seeks relief under Rule 60(d)(1) and (3). Unlike actions brought under Rule 60(b), an action under Rule 60(d) has no time limitation. *Mitchell v. Rees*, 651 F.3d 593, 594 (6th Cir. 2011). Rule 60(d)(1) provides that a district court may "entertain an independent action to relieve a party from a judgment, order, or proceeding[.]" Fed. R. Civ. P. 60(d)(1). This rule may be invoked when each of the following is present:

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and (5) the absence of any adequate remedy at law.

*Barrett v. Sec'y of Health & Human Servs.*, 840 F.2d 1259, 1263 (6th Cir. 1987) (per curiam). This relief is only available "to prevent a grave miscarriage of justice." *United States v. Beggerly*, 524 U.S. 38, 47, 118 S. Ct. 1862, 141 L. Ed. 2d 32 (1989). A "grave miscarriage of justice" is a "stringent and demanding standard" and, in the habeas context, a claimant must "make a strong showing of actual innocence." *Mitchell*, 651 F.3d at 595–96 (quotation marks and citations omitted).

Miller posits that a fundamental miscarriage of justice has occurred because the Sixth Circuit's statement that, "[o]n June 3, 2014, *federal authorities* arrested Miller," demonstrates that he was actually in federal custody as of June 3, 2014, presumably breathing new life into his presentment claim. (*See* Doc. No. 122, at 3 (quoting N.D. Ohio No. 5:05-cr-300, Doc. No. 58, at

8

1 (emphasis added)).) Even assuming Miller is correct, such evidence would not support a showing of actual innocence. Miller has not put forth any facts suggesting that he did not commit the federal crimes for which he was tried and convicted. He is not, therefore, entitled to relief under Rule 60(d)(1). Moreover, as will be discussed below, Miller completely ignores that the arrest warrant for which Miller was taken into custody on June 3, 2014, was for alleged supervised release violations in the 2005 Case in which he was on federal supervision in the Northern District of Ohio.

Miller also seeks relief under Rule 60(d)(3), which permits a district court to set aside a judgment for "fraud on the court." Fed. R. Civ. P. 60(d)(3). To prevail under this subsection, a petitioner must show conduct "(1) by an officer of the court; (2) directed to the 'judicial machinery' itself; (3) which was intentionally false, willfully blind to the truth, or in reckless disregard of the truth; (4) which was a positive averment or a concealment when under a duty to disclose; and (5) which deceived the court." *Hill v. United States*, No. 3:06-cr-710, 2014 WL 223239, at *2 (N.D. Ohio Jan. 21, 2014) (citing *Demjanjuk v. Petrovsky*, 10 F.3d 338, 348 (6th Cir. 1993)). While Miller appears to allege that the government deliberately misstated the facts surrounding his arrest in its § 2255 briefing, he provides no evidence that any statements made by the government's attorney, AUSA Michael Sullivan, were untrue, let alone "intentionally false, willfully blind to the truth, or in reckless disregard of the truth." *See id.*

Moreover, the Sixth Circuit's reference in its order of October 8, 2020, in the 2005 Case to Miller's arrest by federal authorities does not call into question the government's conduct or render any part of the Court's disposition of Miller's § 2255 motion void. The Court presided over the hearing on Miller's motion to suppress, as well as the bench trial on the underlying charges. In

both proceedings, the Court received consistent and unrefuted testimony demonstrating that Miller was arrested on June 3, 2014, by U.S. Marshal Deputy William Boldin and members of a joint task force made up of federal deputy marshals and state law enforcement officers. But his arrest was not in this case—the 2014 Case. Rather, the docket in Miller's prior federal case (the 2005 Case), and in which he was on supervised release at the time he committed the underlying offenses in the 2014 Case, clearly shows that he was arrested on a warrant issued for the alleged supervised release violations in the 2005 Case. (N.D. Ohio Case No. 1:05-cr-300, Doc. Nos. 17 and 18.) Miller was not arrested in the 2014 Case until an arrest warrant was issued by the magistrate judge in that case on July 23, 2014. (N.D. Ohio Case No. 1:14-cr-278, Doc. Nos. 2 and 6.) And the Court's docket clearly reflects that Miller was then promptly brought before a magistrate judge on this case (the 2014 Case) on a criminal complaint on July 25, 2014. Thereafter, he was indicted in the 2014 Case on August 20, 2014, and arraigned on August 28, 2014. At the time of his arraignment in the 2014 Case, he was being held in custody on two cases—the 2005 Case and the 2014 Case. The fact that the Sixth Circuit in the 2005 Case noted that federal authorities arrested Miller on June 3, 2014, for the alleged new law failure to register violation does not demonstrate a fraud upon this Court.[3] There is, therefore, no basis upon which to grant relief under Rule 60(d).

## IV.  CONCLUSION

For the foregoing reasons, the Court denies in its entirety Miller's Rule 60 motion for relief from judgment. Further, for all of the same reasons, the Court finds that reasonable jurists would

---

[3] Likewise, if the Court had reached the merits of Miller's Rule 60(b) motion, for the same reasons, it would have found the absence of fraud (under Rule 60(b)(3)), and that the judgment was not void (under Rule 60(b)(4)). It would have also determined that this was not the "unusual and extreme situation[] where principles of equity mandate relief." *See Ford Motor Co. v. Mustangs Unlimited, Inc*., 487 F.3d 465, 468 (6th Cir. 2007) (discussing motions brought under Rule 60(b)(6) (quotation marks and citation omitted)).

not debate the Court's denial of Miller's motion for relief from judgment. *See Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Accordingly, the Court certifies that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED**.

Dated: September 24, 2024

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

11